UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNIQUE BROOKS, No. 60792-509, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 24-cv-2433-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Unique Brooks's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is currently serving his sentence under the management of the Nashville Residential Reentry Management field office ("Nashville RRM") of the Bureau of Prisons ("BOP"), likely in a residential reentry center ("half-way house") or on home confinement. *See* BOP, List of Our Facilities, Nashville RRM, https://www.bop.gov/locations/ccm/cnv/ (visited May 27, 2025) (showing the vast majority of those managed by BOP RRMs to be on home confinement or in residential reentry centers).

The petitioner is challenging the administrative process used to determine "half-way house" placement, including the failure of case managers to make an individualized assessment of each inmate. He also notes he may be unable to earn sentence credit under the First Step Act ("FSA") by participating in evidence-based recidivism reduction programs because he may be transferred on a writ to the district of his sentencing for a hearing in his § 2255 proceeding, *Brooks v. United States*, No. 2:23-cv-2751. Brooks seeks placement in a "half-way house" while his § 2241 petition is pending for personal reasons and for review of the information in his presentence investigation report.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon

preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In November 2022, the petitioner was sentenced to serve 60 months on two counts of possession of a destructive device in the United States District Court for the Western District of Tennessee.  *United States v. Brooks*, No. 2:21-cr-20149 (W.D. Tenn.).  He is currently serving his sentence under the management of the Nashville RRM with a projected release date of November 27, 2025.  *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited May 27, 2025).  He claims that the BOP incorrectly determined his eligibility for placement in a half-way house.

It is clear that Brooks is not entitled to relief under § 2241 from this Court.  A petitioner may bring not bring a petition under 28 U.S.C. § 2241 to challenge his prison placement *per se*.  *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) ("The upshot is that § 2241 does not furnish the appropriate means to contest the Bureau's understanding of § 3624(c)," addressing prerelease custody).  "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  The BOP then has "plenary control" of placement of the inmate, subject only to statutory limits.  *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).  This includes the decision whether to house an inmate in a prison, in a "half-way house," or in home confinement, 18 U.S.C. § 3624(c)(1)-(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").  *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to

change an inmate's place of imprisonment, although it may recommend a different placement).

To the extent this action challenges the rules that were used to decide his placement in a "half-way house"—which he might have done, but did not do, in a regular civil suit, *see Richmond*, 387 F.3d at 606—the case is moot. The BOP has transferred management of Brooks to an RRM, where he is likely in a "half-way house" or on home confinement. Brooks has already obtained the ultimate relief he seeks in his petition, so there is no controversy over which this Court would have jurisdiction. It is now moot whether he seeks relief under § 2241 for a BOP placement decision or in a civil suit for the procedures used to make that placement decision. *See Richmond*, 387 F.3d at 605. And to the extent Brooks seeks to press the civil claims of other inmates who remain in prison, he has no standing to do so.

Finally, Brooks speculated that he might lose opportunities to earn FSA time credit—which could implicate the duration of his confinement—due to a writ to his district of conviction in his § 2255 proceeding, the docket for that case does not reflect any hearing for which Brooks might have been transferred. His fear of losing the chance to earn FSA time credit is speculative and would not support § 2241 relief.

For these reasons, the Court **DISMISSES** Brooks's § 2241 petition and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DIRECTS** the Clerk's Office to send a copy of this order and the forthcoming judgment to the United States Attorney for the Southern District of Illinois. In light of this order, the petitioner's motion for status (Doc. 12) is **DENIED as moot.**

**IT IS SO ORDERED.**
**DATED:  May 28, 2025**

>                              s/ J. Phil Gilbert
>                              **J. PHIL GILBERT**
>                              **DISTRICT JUDGE**